<hr/>

(No. 3664—

GRANT RENINGER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1943.*

ROGER H. CLARK, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

The record in this case consists of the complaint, bill of particulars, stipulation and report of the Director of the Department of Conservation.

The complaint alleges that the claimant, Grant Reninger, was employed by the respondent in the Department of Conservation at what is called the "Pheasant Farm" at Yorkville, Illinois, on the 7th day of June, 1941, as a laborer. That among his duties he was required to operate a grass cutting machine powered with a motor. Said machine was equipped with blades and sprockets; that while operating said machine it became clogged and the power was shut off by claimant for the purpose of removing the stoppage; that while reaching down among the sprockets with his left hand the machinery suddenly started to operate and that as a result thereof his said finger was crushed and damaged to such an extent that it became necessary to remove the first joint or phalange thereof.

That necessary medical, surgical and hospital treatment was furnished by the respondent on the day of the accident and some time thereafter, and, according to the report of the Department of Conservation, the claimant lost less than one week before resuming his employment.

There is no jurisdictional question to be decided in this case, the respondent having had ample notice, as required by Section 24 of the Workmen's Compensation Act.

The report of the Department of Conservation states that the salary of the claimant was $100.00 per month and that the earnings of employees in the same class or grade as claimant amounted to $100.00 per month for the year preceding the injury of claimant.

Upon consideration of the facts in the record, we find as follows: That on the 7th day of June, 1941, the claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State; that on said date claimant sustained accidental injuries which arose out of and in the course of his employment; that notice of the accident was given to said respondent and claim for compensation on account thereof was made within the time required by the provisions of said Act; that claimant was in the employ of the respondent in the grade in which he was employed at the time of the accident for less than one year; that his compensation rate amounts to the sum of $8.25; the claimant at

the time of the accident was fifty-two years of age and had no children under the age of sixteen years; that necessary first aid, medical, surgical and hospital services were provided by the respondent; the claimant was temporarily totally disabled from the date of his injury for less than one week; that he suffered the loss of the first phalange of the second finger of the left hand, which, under Paragraph E-3, of Section 8, of the Workmen's Compensation Act, is considered to be equal to the loss of one-half of such finger.

We further find that the period of claimant's temporary total incapacity for work being less than six working days he, therefore, is not entitled to receive from respondent any compensation for such temporary total incapacity.

We further find that claimant is entitled to have and receive from the respondent for the loss of one-half of the second finger of his left hand, the sum of $8.25 per week for a period of $17\frac{1}{2}$ weeks pursuant to the provisions of paragraph E-3, amounting to the sum of $144.38.

We further find that all the compensation due to claimant as aforesaid has accrued at this time.

Award is therefore entered in favor of the claimant, Grant Reninger, for the sum of One Hundred Forty-four Dollars and Thirty-eight Cents ($144.38).

This award, being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Methods of Payment Thereof" (Illinois Revised Statutes, 1941, Chapter 127, Paragraph 180-181), approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Revenue Fund in the manner provided for in such Act.